UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:22-cv-81902-DMM

JOHN LEEKIN, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

PRESS & PROFIT, LLC, d/b/a VIENNA COFFEE,
PETER GUGITSCHER, individually, and
ANDREAS GUGITSCHER, individually,

    Defendants.
_____/

PRESS & PROFIT, LLC, d/b/a VIENNA COFFEE,

    Counter-Plaintiff,

vs.

JOHN LEEKIN, individually,

    Counter-Defendant.
_____/

**JOINT MOTION TO REVIEW AND APPROVE FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

    The Parties, by and through their respective undersigned counsel, hereby jointly move the Court to review and approve their settlement and dismiss this action with prejudice, as follows:

    1.    On December 8, 2022, Plaintiff, John Leekin, filed a complaint seeking recovery of unpaid overtime under the Fair Labor Standards Act ("FLSA") due to his alleged misclassification as an independent contractor, rather than a W-2 employee. ECF No. 1. The complaint also contained collective action allegations.

2. On January 23, 2023, Defendants, Press & Profit, LLC, d/b/a Vienna Coffee, Peter Gugitscher, and Andreas Gugitscher, filed their answer and affirmative defenses, along with a two-count counterclaim for civil theft and fraud. ECF No. 8. Plaintiff also moved to dismiss the counterclaim on various grounds, including mootness. ECF No. 17.

3. Plaintiff then moved for leave to amend the complaint to add a retaliation cause of action, which was subsequently granted by this Court. ECF No. 13 (motion) and 21 (order granting).

4. After the filing of the amended complaint, Defendants renewed their counterclaim (ECF No. 24) and moved to dismiss the newly-added retaliation cause of action (ECF No. 25). Just last week, Plaintiff responded to the motion to dismiss. ECF No. 33.

5. On March 29, 2023, pursuant to ECF No. 20, the Parties participated in a settlement conference before Magistrate Judge William Matthewman, at which the Parties settled their case in full.

6. Plaintiff's operative amended complaint alleges Defendants violated the FLSA by not paying alleged unpaid overtime, as well as claims relating to alleged violations of the anti-retaliation provisions of the FLSA. Defendants deny any wrongdoing for all causes of actions, and further deny any Plaintiff is entitled to any relief whatsoever.  The parties agree there is a bona fide, good faith dispute as to both liability and damages on Plaintiffs' claims.

7. Plaintiff knew and understood he faced difficulties with aspects of this case. Defendants were also aware of the risk and potential exposure it faced in this case. Both counsels were zealous advocates for their respective clients.

8. To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter at the March 29, 2023, settlement conference.  Under *Lynn's Food*

*Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with either the approval of the district court or under the supervision of the U.S. Department of Labor. The parties request that the Court review and approve their settlement and dismiss this action with prejudice. The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement.

9. All parties are represented by counsel in this action, and all agree and stipulate that the settlement represents a fair, reasonable, good faith, and arms-length settlement of Plaintiff's claims.

10. Plaintiff is receiving more than 60% of the amount claimed in his Statement of Claim (ECF No. 10) and an equal amount as liquidated damages. He is also receiving non-wage damages for resolution of his FLSA retaliation claim.

11. The Parties represent that because of this Settlement Agreement, Defendants have agreed to pay Plaintiffs' attorneys' fees and costs, as negotiated by the Parties and as stated in the Settlement Agreement. Plaintiff represents, and Defendants agree, the allocation of attorneys' fees and costs reflected in the Settlement Agreement is reasonable. Furthermore, the Parties represent the amount of the settlement allocated to attorneys' fees and costs was negotiated separately and without regard to the Plaintiff's underlying claim for unpaid minimum wages, or any other claim brought in this action.

12. In addition, the Settlement Agreement includes a full *mutual* general release, which adds significant value to Plaintiff's settlement, separate and apart from any monetary terms, as there were actual, and not theoretical claims, at issue here (separate and apart from the FLSA claims).

13. Pursuant to the terms set forth at the March 29, 2023, settlement conference, the Parties certify that the fully executed settlement agreement was emailed to this Court on April 6, 2023.

14. Counsel for the Parties also represent the continuation of this litigation would necessitate further expense causing additional expenditures of costs and attorney's fees.

15. The Parties respectfully request the Court review and approve the settlement as fair and reasonable, and stipulate to the dismissal of this action with prejudice. The Parties agree to the dismissal of this action with prejudice on the condition the Court retains jurisdiction solely to enforce the terms of the settlement agreement. *See Anago Franchising, Inc. v. Shaz, LLC,* 677 F.3d 1272, 1280 (11th Cir. 2012).

## MEMORANDUM OF LAW

**Standard of Review**

Judicial review and approval of portions of this settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food Stores*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues in dispute, the Court may approve the settlement "in order to

promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

 (1) the existence of fraud or collusion behind the settlement:

 (2) the complexity, expense, and likely duration of the litigation;

 (3) the stage of the proceedings and the amount of discovery completed;

 (4) the probability of plaintiff's success on the merits;

 (5) the range of possible recovery; and

 (6) the opinions of the counsel.

See *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Tamayo v. Spice Resto-Lounge, Inc.*, 2016 WL 11547579, at *5 (S.D. Fla. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 11547580 (S.D. Fla. Sept. 28, 2016). The Court should be mindful of the strong presumption in favor of finding a fair settlement. *Ambiela v. Roko Investments 2 LLC*, 2023 WL 2244828, at *2 (S.D. Fla. Jan. 20, 2023), *report and recommendation adopted*, 2023 WL 2240445 (S.D. Fla. Feb. 27, 2023) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (presumption of finding class action settlement fair adopted for use in FLSA settlement).

 All relevant criteria support final approval of the Settlement Agreement. First, courts have found no fraud or collusion where both parties were represented by counsel and the amount paid to the plaintiff seemed fair. See *August v. AtLarge, Inc.*, 2023 WL 1452200, at *1-2 (M.D. Fla. Jan. 10, 2023), *report and recommendation adopted*, 2023 WL 1441820 (M.D. Fla. Feb. 1, 2023) (settlement found fair if parties are represented by experienced counsel and when amounts recovered on their face are not unreasonable). All counsel involved have experience in litigating

claims under the Fair Labor Standards Act, and each counsel was obligated to and did vigorously advocate for their clients.

The complexity, expense, and length of future litigation also militate in favor of this settlement. If the Parties continued litigating this matter, they would be forced to engage in extensive and expensive trial preparation—and quickly. Trial is set for this matter in the beginning of June 2023. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Third, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The Parties exchanged information and documentation regarding Plaintiff's hours and pay and other related information. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

The last element the Court should evaluate in determining the fairness of the settlement is the reasonableness of the attorneys' fees. *Ambiela,* 2023 WL 2244828, at *3. *Id.* Here, the parties agree the amount negotiated and agreed upon as attorney's fees and costs is reasonable based on the time spent by Plaintiffs' counsel in prosecuting and resolving the Plaintiff's claims, the risk involved, and the total settlement value and benefit obtained by Plaintiff. The Parties negotiated the fees separately from Plaintiff's settlement payment and the fees were not negotiated in relation to or as a portion of Plaintiff's recovery. *See Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Therefore, both Parties request this Court find the proposed attorneys' fees reasonable.

WHEREFORE, Plaintiffs and Defendant jointly request that the Court enter an order (a) setting a fairness hearing on the settlement agreement or reviewing the agreements *in camera*; (b) approving the Parties' settlement; (c) dismissing this action with prejudice; and (d) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary. A proposed order is provided herewith.

Respectfully submitted on April 6, 2023.

| | |
|---|---|
| ***/s/Alex B.C. Ershock*** | ***/s/ Angelo M. Filippi*** |
| DANIEL R. LEVINE, ESQ. | ANGELO FILIPPI, ESQ. |
| Florida Bar No. 0057861 | Florida Bar No. 0880851 |
| E-Mail: DRL@PBL-Law.com | FELIPE GONZALEZ, ESQ. |
| | Florida Bar No. 1026023 |
| ALEX B.C. ERSHOCK, ESQ. | KELLEY KRONENBERG, P.A. |
| Florida Bar No. 100220 | 10360 W. State Rd. 84 |
| E-Mail: ABE@PBL-Law.com | Fort Lauderdale, FL 33324 |
| | Telephone: (954) 370-9970 |
| PADULA BENNARDO LEVINE, LLP | afilippi@kelleykronenberg.com |
| 3837 NW Boca Raton Blvd., Suite 200 | fggonzalez@kelleykronenberg.com |
| Boca Raton, FL 33431 | **Counsel for Defendants** |
| Telephone: (561) 544-8900 | |
| **Counsel for Plaintiff** | |